1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   CRAIG B. COOPER,                        Case No. 1:14-cv-01297 LJO DLB PC

12              Plaintiff,                    ORDER DISMISSING FIRST
                                             AMENDED COMPLAINT
13         v.                                WITH LEAVE TO AMEND

14   IGBINOSA, et al.,                        THIRTY-DAY DEADLINE

15              Defendants.

16

17         Plaintiff Craig B. Cooper ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action.  Plaintiff filed this action on August 4, 2014, and it was

19   transferred to this Court on August 14, 2014.  He filed a First Amended Complaint on October 20,

20   2014.

21         Plaintiff names the following Defendants: Arnold Schwarzenegger (former Governor),

22   Edmund G. Brown (current Governor), Jeffrey A. Beard (current CDCR Secretary), Matthew Cate

23   (former CDCR Secretary), Susan L. Hubbard (former director of CDCR's Division of Adult

24   Operations), Tanya Rothchild (former Chief of CDCR's Classification Services Unit), Deborah

25   Hysen (Chief Deputy Secretary, CDCR Executive Office of Facility Planning, Construction and

26   Management), Chris Meyer (Senior Chief, CDCR Executive Office of Facility Planning,

27   Construction and Management), J. Clark Kelso (Receiver of California Correctional Health Care

28   Services), Dwight Winslow (former Statewide Medical Director for CDCR), Paul Brazelton

                                             1

1  (Warden Pleasant Valley State Prison), James A. Yates (former Warden Pleasant Valley State

2  Prison), James Hartley (Warden of Avenal State Prison), and Felix Igbinosa (medical director at

3  Pleasant Valley State Prison).

4  **A.**      **SCREENING STANDARD**

5          The Court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9  monetary relief from a defendant who is immune from such relief.  28 U.S.C.

10  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

11  the court shall dismiss the case at any time if the court determines that . . . the action or

12  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C.

13  § 1915(e)(2)(B)(ii).

14          A complaint must contain "a short and plain statement of the claim showing that the pleader

15  is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

16  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

17  do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,

18  550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

19  'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual

20  allegations are accepted as true, legal conclusions are not.  Id.

21          Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

22  federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

23  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

24  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or

25  omissions of each named defendant to a violation of his rights; there is no respondeat superior

26  liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d

27  1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);

28  Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim

1    for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

2    The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S.

3    at 678; Moss, 572 F.3d at 969.

4    **B.      PLAINTIFF'S ALLEGATIONS**

5          Plaintiff is currently incarcerated at San Quentin State Prison.  The events at issue occurred

6    while he was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California.

7              *Initial Complaint*

8          Plaintiff's August 4, 2014, initial complaint named Defendants Igbinosa, Yates, Cate and

9    Schwarzenegger.  He alleged that he contracted Valley Fever in June 2006 while incarcerated at

10   PVSP.

11         Plaintiff also explained that he had brought two prior actions, Cooper v. Yates, 1:09-cv-

12   00085-AWI-MJS and Cooper v. Yates, 1:12-cv-00039-LJO-DLB, both of which were dismissed

13   with prejudice for failure to state a claim.  Specifically, the Court found that Plaintiff could not show

14   that Defendants Igbinosa and Yates knew of a substantial risk of harm at the time Plaintiff contracted

15   Valley Fever.  He explains that he brings this new action because of "newly discovered evidence,"

16   namely a court order in Plata v. Brown, No.C01-1351 TEH (N.D. Cal. June 24, 2013).  Plaintiff

17   believes that the court found that CDCR knew of the serious risk of harm to African-American

18   inmates by 2004.

19         Plaintiff alleged that Defendant Yates was liable for his failure to act in 2004 to 2006, despite

20   having the power to correct the safety issues.  Similarly, he contends that Defendant Cate received

21   notice in 2004 but failed to take corrective measures.  Plaintiff alleges that Defendant Igbinosa failed

22   to take steps in 2004 to provide an adequate medical system.  Finally, Plaintiff alleges that

23   Defendant Schwarzenegger knew of the Valley Fever problems but decided to build behind PVSP

24   nonetheless.

25         Based on these facts, Plaintiff alleges a violation of the Eighth Amendment and a violation of

26   California Government Code section 830 (failure to warn of a dangerous condition).

27

28

3

1

*First Amended Complaint*

2   Sometime after the filing of his initial complaint, it appears that Plaintiff discovered a copy

3   of a version of a complaint filed in <u>Smith et al., v. Schwarzenegger, et al</u>., 1:14-cv-00060-LJO-SAB.

4   <u>Smith</u> is a consolidated action involving over 100 represented inmate plaintiffs.  Over 45 pages of

5   Plaintiff's 55-page pleading are photocopies of pages from the <u>Smith</u> complaint.  Despite Plaintiff's

6   attempts to modify the complaint to fit an action involving a single Plaintiff, the photocopied pages

7   often refer to "Plaintiffs."  In fact, although Plaintiff attempted to cover the other names, the actual

8   causes of action are brought by inmates who are not parties to this action.  For example, his Eighth

9   Amendment claims are brought by "Plaintiffs Adam, Atzet, Aubrey."  ECF No. 13, at 47.  His

10  negligence claim is also brought by inmates who are not parties to this action.  ECF No. 13, at 49.

11  Therefore, Plaintiff has essentially taken a copy of a complaint in another action and

12  attempted to insert it into this action.  The result is a far-broader set of allegations and the addition of

13  more than ten new Defendants, at least one of which does not appear to be related to Plaintiff's

14  claims in any way.[1]

15  Plaintiff also references his two prior actions, but states that "evidence, expert witnesses,

16  counsel, and the rulings from the U.S. Central and Northern District Courts were not available" to

17  Plaintiff prior to filing his first two actions.  ECF No. 13, at 33.

18  Because the Court is dismissing the First Amended Complaint with leave to amend, as

19  discussed below, the Court will not summarize its allegations.

20  **C.**   **DISCUSSION**

21  Plaintiff's use of a complaint in another action has resulted in a pleading that does not

22  specifically relate to Plaintiff and his claims.  Accordingly, the Court will dismiss the complaint with

23  leave to amend.  In amending, Plaintiff is reminded that he may only allege facts that <u>are related to</u>

24  <u>his own rights</u>, and he may only name Defendants who he contends are liable for those violations.

25  The use of a complaint in another multi-plaintiff action results in the inclusion of allegations and

26  parties that are not related to Plaintiff's own circumstances.

27

28

---

[1]  Defendant James Hartley is the Warden of Avenal State Prison, where Plaintiff has never been incarcerated.

1    Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt

2    resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler,

3    627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive

4    screening, which requires sufficient factual detail to allow the Court to reasonably infer that each

5    named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks

6    omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that

7    a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of

8    satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572

9    F.3d at 969.

10    Until Plaintiff files an amended complaint that deals solely with his own situation, the Court

11    will not determine whether Plaintiff states any claims for relief.[2]

12   **D.    ORDER**

13    The Court will provide Plaintiff with the opportunity to file an amended complaint.  Akhtar

14   v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

15   2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature

16   of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607.

17    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

18   each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

19   U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

20   right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

21   Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693

22   F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to

23   the prior or superceded pleading," Local Rule 220.

24    Accordingly, it is HEREBY ORDERED that:

25    1.    Plaintiff's First Amended Complaint is dismissed, with leave to amend;

26    2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

27    3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an

28

---

[2] Plaintiff's claims may also be precluded by the doctrine of *res judicata,* though the Court cannot make such a determination until his actual claims are clearly defined.

5

amended complaint;

     4.    **Plaintiff's amended complaint SHALL be limited to 25 pages, excluding exhibits; and**

     5.    <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

   Dated:   **February 22, 2015**           /s/ Dennis L. Beck

                                       UNITED STATES MAGISTRATE JUDGE