# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG B. COOPER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IGBINOSA, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01297 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br>(Document 16) |

Plaintiff Craig B. Cooper ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on August 4, 2014, and it was transferred to this Court on August 14, 2014. He filed a First Amended Complaint on October 20, 2014.

On February 23, 2015, the Court dismissed the First Amended Complaint with leave to amend. Plaintiff filed his Second Amended Complaint on March 23, 2015. Plaintiff names Arnold Schwarzenegger, Matthew Cate, James A. Yates and Felix Igbinosa as Defendants.

**A.　REQUEST FOR JUDICIAL NOTICE**

Along with his Second Amended Complaint, Plaintiff submitted a request that the Court take judicial notice of an order in <u>Plata v. Brown</u>. The Court may take judicial notice of court records in

///

1

other cases, United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004), and his request is GRANTED.

**B.     SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### C. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at San Quentin State Prison. The events at issue occurred while he was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California.

Plaintiff is an African-American prisoner and was incarcerated at PVSP from December 1999 through 2010. It appears he contracted Valley Fever in June 2006, and suffered various health problems and hospitalizations. Plaintiff alleges that Defendants took no actions to mitigate Plaintiff's risk until 2011, after "multiple contested court orders." ECF No. 15, at 9.

Plaintiff first explains that he brought two prior actions for damages, Cooper v. Yates, 1:09-cv-00085-AWI-MJS and Cooper v. Yates, 1:12-cv-00039-LJO-DLB, related to his contraction of Valley Fever at PVSP. Both cases were dismissed with prejudice for failure to state a claim. Specifically, the Court found that Plaintiff could not show that Defendants Igbinosa and Yates knew of a substantial risk of harm at the time Plaintiff contracted Valley Fever.

Plaintiff states that he filed the instant action pursuant to Federal Rule of Civil Procedure 15, since it relates to the reasons for which he was denied relief in his two prior complaints. Plaintiff, citing the court's order in Plata v. Brown, No.C01-1351 TEH (N.D. Cal. June 24, 2013), contends that he has "new evidence or actual proof of all the elements" of an Eighth Amendment claim and a state law tort claim. ECF No. 16, at 6. Plaintiff believes that the Plata court found that CDCR knew of the serious risk of harm to African-American inmates by 2004. He argues that this evidence was not available when he filed his first two actions, and that it serves as a "significant and unanticipated change in factual condition [sic]in prior rulings." ECF No. 15, at 12-13. Plaintiff believes that a change occurred in the "background assumption" on which the prior rulings rested. ECF No. 15, at 13.

Plaintiff alleges that Defendant Yates, as the former Warden of PVSP, was responsible for Plaintiff's health and safety. He was aware of the epidemic of Valley Fever at PVSP, but failed to adopt any policies or practices to avoid the unsafe conditions, failed to provide a safe facility and recklessly failed to take any actions to correct unsafe conditions.

3

Plaintiff contends that Defendant Cate, Director of CDCR, created and continued various policies, failed to acknowledge or protect high-risk prisoner groups, knowing that inmates were being exposed to risk of infection, and was grossly negligent in allowing unsafe conditions to remain uncorrected.

As to Defendant Igbinosa, Medical Director at PVSP, Plaintiff contends that he was fully aware of the epidemic rates of the disease and medical risk to Plaintiff, but failed to take any actions. Plaintiff contends that he was also part of PVSP's failure to establish a prison-level policy.

Finally, Plaintiff alleges that Defendant Schwarzenegger, Governor of California from 2003 through 2011, acknowledged at the time that inmates were getting sick but chose not to take action. He knowingly condoned subordinates' actions that increased Plaintiff's risk of exposure. Defendant Schwarzenegger had the authority to establish policies and practices, including a policy to exclude known high-risk inmates from hyper-endemic prisons, which would have prevented Plaintiff from being exposed to, and subsequently contracting, Valley Fever. Plaintiff alleges that he acted with deliberate indifference in failing to adopt an exclusion policy, and was grossly negligent in condoning the ministerial decision by subordinates to authorize major construction at or adjacent to PVSP.

Based on these allegations, Plaintiff alleges a violation of the Eighth Amendment, and violation of California Government Code section 830 (failure to warn of a dangerous condition).

He requests compensatory and punitive damages.

Plaintiff also states that he "does not seek to litigate or re-litigate" his claims that have been decided "because Defendants would be able/allowed to challenge the legal conclusion on which the Plata case rest[ed]." ECF No. 15, at 12. It appears that Plaintiff seeks to impose the Plata findings on Defendants in this action, as he argues that Defendants are precluded from litigating the same federal claims. He believes that Defendants will not be prejudiced because "no litigation is necessary on Plaintiff's issues that has [sic] not already been decided by the Plata case on the merits." ECF No. 15, at 13. He therefore argues that the remedial phase of Plata precludes litigation on the merits of his issues, and the issue of damages is all that remains.

**D.      DISCUSSION**

     1.      <u>Plaintiff's Prior Actions</u>

As noted above, Plaintiff has filed two prior actions against certain Defendants.

In 1:09-cv-00085, Plaintiff sued Defendant Yates in state court for violation of the Eighth Amendment and negligence. Defendant removed the action and Plaintiff was subsequently granted leave to amend. He filed an amended complaint naming Defendants Yates and Igbinosa. The action was dismissed, with prejudice, for failure to state a claim on May 13, 2011. Specifically, the Court found that Plaintiff failed to present sufficient factual allegations to demonstrate that Defendants had actual knowledge of a substantial risk of harm. Plaintiff did not appeal the decision.

In 1:12-cv-00039, filed on January 5, 2012, Plaintiff sued Defendants Yates and Igbinosa again in state court for violation of the Eighth Amendment and negligence. He filed an amended complaint on January 24, 2012, which was dismissed with leave to amend for failure to state a claim. Plaintiff filed a Second Amended Complaint on November 19, 2012. On April 22, 2013, the Court issued Findings and Recommendations that the action be dismissed without leave to amend. The Court found:

> However, Plaintiff has not alleged facts which show that Defendants were aware of an excessive risk of serious harm. In 2005, Defendant Igbinosa first noticed an increase in the cases of valley fever. Plaintiff alleges that Defendant Igbinosa sought the assistance of the Department of Health Services in investigating the increase in cases. In January 2007, the Department of Health Services completed its investigation and released findings and recommendations regarding valley fever at PVSP. The report recommended increased education concerning valley fever, relocation of high-risk groups, increased ground cover, and advising inmates to stay indoors on windy days and to wet the ground before digging. Pl.'s Second Am. Compl., Ex. A. However, Plaintiff also alleges that he contracted valley fever in June or July of 2006, before the issuance of this report.
>
> A memorandum regarding inmate-patients at high risk of valley fever was issued to several CDCR prisons, including PVSP, in August 3, 2006. Pl.'s Ex. B. However, that memorandum was also issued after Plaintiff had already contracted valley fever. Plaintiff's exhibits and allegations thus indicate that Defendants Igbinosa and Yates were not aware of the extent of the risk of valley fever to inmates. Plaintiff thus fails to allege facts which indicate that Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

ECF No. 14, at 3-4. The action was dismissed with prejudice on May 21, 2013. Plaintiff did not file an appeal.

2. <u>Preclusion</u>

Claim preclusion bars litigation of claims that were or could have been raised in a prior action. <u>Holcombe v. Hosmer</u>, 477 F.3d 1094, 1097 (9th Cir.2007) (quotation marks omitted). Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." <u>Taylor v. Sturgell</u>, 530 U.S. 880, 892 (2008) (internal quotations and citation omitted). The prerequisite elements for applying the preclusion doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. <u>Harris v. County of Orange</u>, 682 F.3d 1126, 1132 (9th Cir.2012); <u>Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd</u>., 475 F.3d 1080, 1086 (9th Cir. 2007).

a. *Identity of Claims*

In deciding whether there is an identity of claims, courts apply four criteria: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" <u>Harris</u>, 682 F.3d at 1132 (quoting <u>United States v. Liquidators of European Fed. Credit Bank</u>, 630 F.3d 1139, 1150 (9th Cir.2011)). "The fourth criterion-the same transactional nucleus of facts- is the most important." <u>Liquidators of European Fed. Credit Bank</u>, 630 F.3d at 1151.

This is Plaintiff's third action in which he attempts to litigate the exact same claim- whether his contraction of Valley Fever at PVSP in June 2006 violates the Eighth Amendment and constitutes negligence. The facts specifically relating to Plaintiff have not changed, nor has his contention that Defendants were aware of the risk of harm at the time he contracted the disease. All three actions arise out of the same transactional nucleus of facts and involve infringement of the same rights. Plaintiff suggests that he does not want to re-litigate this action and just wants to

///

determine the issue of damages. His desire does not, however, relieve him from application of the preclusion doctrine.

Insofar as Plaintiff attempts to introduce new legal theories, i.e., an Eighth Amendment violation based on failure to take corrective measures, he cannot do so. A change in the legal theory underlying claims brought in the first round of litigation will not defeat res judicata. See Mpoyo v. Litton Electro–Optical Systems, 430 F.3d 985, 988 (9th Cir.2005).

Moreover, as the underlying arguments in all three actions substantially overlap, there is a substantial overlap between the evidence or argument to be advanced in this action and those advanced in the prior two.

As to Plaintiff's claim that "evidence, expert witnesses, [and] counsel" were not available when he filed the two prior actions, his argument does not change the result. Certainly, the fact that expert witnesses and/or counsel may not have been available in the prior actions does not mean that Plaintiff can now file another identical action.

Turning to Plaintiff's citation to "new evidence," Plaintiff relies mainly on the Northern District's June 2013 decision, which he contends proves that Defendants knew of the serious risk of harm by at least 2004. However, the mere fact that Plaintiff may have new evidence to offer does not mean that the two actions are based on different factual transactions. See Int'l Union of Operating Eng'rs–Emp'rs Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr, 994 F.2d 1426, 1430 (9th Cir.1993) ("The fact that some different evidence may be presented in this action ... does not defeat the bar of res judicata."). Indeed, permitting a plaintiff to return to court to prosecute an action when new evidence arises would wholly defeat the purpose of res judicata.

In any event, the Court notes that the order Plaintiff cites does not hold that Defendants knew of the risk by 2004. Instead, the order begins with a finding that Defendants first identified a significant increase in the number of inmate-patients presenting with Valley Fever at PVSP and Avenal State Prison in 2005. Plata v. Brown, 2013 WL 3200587, * 3 (N.D. Cal. June 24, 2013). This does not equate to a finding that Defendants knew of a substantial risk of harm at the time Plaintiff contracted Valley Fever in June 2006. The factual findings in the Northern District's order then jump to September 21, 2006, and continue through 2012/2013. At this Court has noted in

Plaintiff's prior actions, nothing occurring after Plaintiff's June 2006 diagnosis can show knowledge of the risk at that time.

For these reasons, the Court finds that identity of claims exists.

b. *Final Judgment on the Merits*

This case involves not just one prior action, but *two* prior actions in which the Court reached a final judgment on the merits. In both prior cases, Plaintiff was permitted at least one amendment. However, the Court determined that Plaintiff could not state a claim upon which relief could be granted and dismissed the actions with prejudice.

c. *Privity of Parties*

There is no question that Plaintiff's claims against Defendants Yates and Igbinosa, who were named in Plaintiff's prior two actions, are barred. In the current action, Plaintiff adds Defendants Cate and Schwarzenegger.

"There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir.1984) quoting Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940). "The crucial point is whether or not in the earlier litigation the representative of the United States had authority to represent its interests in a final adjudication of the issue in controversy." Sunshine Anthracite, 310 U.S. at 403 (citing Gunter v. Atlantic Coast Line Railroad Co., 200 U.S. 273, 284-89 (1906)).

Defendants Yates and Igbinosa certainly had authority to represent the CDCR decision-makers against Plaintiff's claim of deliberate indifference. The new Defendants named by Plaintiff in this action are also decision makers as to inmates' placement, and medical factors that warrant for or against the conditions of such placements. Thus, for purposes of Plaintiff's claims regarding his placement at PVSP and his subsequent contraction of Valley Fever, DefendantsYates and Igbinosa are in privity with Defendants Cate and Schwarzenegger. See Humphries v. Igbinosa, 2015 WL 893288 (E.D. Cal. 2015) (applying res judicata to plaintiff's new valley fever action where he previously alleged claims against Defendant Yates). The Supreme Court has long recognized that

"collateral estoppel precludes a plaintiff from relitigating identical issues by merely switching adversaries." Parklane v. Hosiery Co. v. Shore, 439 U.S. 322, 329 (1979).

For these reasons, the Court finds that Plaintiff's claims are barred by the doctrine of res judicata.

### 2. Federal Rule of Civil Procedure 15

Plaintiff also suggests that he brings this action under Federal Rule of Civil Procedure 15 "since this complaint relate [sic] back to elements and other reasons [that Plaintiff] was denied relief in the prior complaints." ECF No. 15, at 5-6.

Rule 15 provides that an amendment to a pleading relates back to the date of the original pleading in certain circumstances, such as when an amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. However, the principles of "relation back" allow amendment to a pleading within one action, not between two or more actions. While Plaintiff now cites evidence that he believes would allow him to prevail on claims he previously raised, the Court finds no legal or logical basis to apply the principle of "relation back" to allow this action to resurrect a matter for which there has been entry of final judgment on the merits. Under Plaintiff's theory, an action would never be final, which is precisely the situation the doctrine of res judicata seeks to avoid.

## C. FINDINGS AND RECOMMENDATIONS

For the reasons set forth above, the Court HEREBY RECOMMENDS that this action be DISMISSED under the doctrine of res judicata.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

///

///

///

1  objections within the specified time may waive the right to appeal the District Court's order.
2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 22, 2015**        /s/ *Dennis L. Beck*
                                     UNITED STATES MAGISTRATE JUDGE